Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00074 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Respuesta de Reconsideración: B-272-25<br><br>Sobre: Medicamentos |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de agosto de 2025.

Comparece el señor Eliezer Santana Báez (señor Santana Báez o recurrente) mediante revisión judicial y solicita que revoquemos la *Resolución* del Departamento de Corrección Y Rehabilitación (DCR), División de Remedios Administrativos (DRA), emitida el 30 de mayo de 2025. En dicho dictamen, se mantuvo la suministración de un medicamento al recurrente. Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una solicitud para recibir ciertos medicamentos como tratamiento a una condición de hipertensión. Según describe en su recurso de revisión judicial, el señor Santana Báez alega que el 15 de enero de 2025, una médico internista

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

le recetó a dicho recurrente trescientos (300 mg) miligramos de Irbesartan y trescientos veinte (320 mg) miligramos de Valsartan. No obstante, la farmacia del DCR nunca le entregó el medicamento de Valsartan.

A razón de ello, y según aparece descrito en la *Resolución* recurrida, el señor Santana Báez solicitó remedio administrativo ante la Evaluadora de Remedios Administrativos (ERA) y alegó que, a pesar de una médico internista recetarle Valsartan, se le estaban suministrando otro medicamento. Ante dicho recurso, la ERA le informó que Irbesartan contiene los mismos ingredientes que Valsartan. Inconforme, el recurrente solicitó reconsideración y en él alegó que una doctora le recetó Irbesartan, mientras que otra le recetó Valsartan. Oportunamente, la DRA confirmó la respuesta de la ERA y explicó que Irbesartan es bio-equivalente a Valsartan.

Insatisfecho, el recurrente acude ante este Tribunal y alega que el DRA erró al cambiar el criterio de la médico internista mediante la omisión de suministrarle el medicamente Valsartan, a pesar de nunca haberse presentado un médico que emitiera una recomendación clínica o un cambio en el tratamiento médico, contrario al acuerdo del caso de *Morales Feliciano v. Fortuño Burset*, No. 79-4 (PG), 2010 US Dist. LEXIS 127485 (D.P.R 2 de diciembre de 2010), y a su derecho al consentimiento informado. En oposición, el recurrido argumenta que (1) las decisiones administrativas gozan de una presunción de corrección y legalidad; y (2) el DCR puede proveer a los confinados un medicamento alterno al recetado siempre que sea aceptable en cumplimiento con sus protocolos y formularios de medicamentos.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978 (2009). Asimismo, las decisiones cuasi adjudicativas de las agencias deben expresar

claramente sus determinaciones de hecho y las razones para sus decisiones, cual incluye los hechos básicos de los cuales se derivan aquellos. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425 (1997).

Por otro lado, el acuerdo del 28 de junio de 2012 del caso *Morales Feliciano v. Fortuño Burset*, *supra*, dispuso en su Categoría Cuatro que el DCR dispensará toda prescripción escrita por médicos profesionales externos a los miembros de la población correccional, al igual de incorporar al plan de tratamiento médico cualquier orden médica que estos ordenen. No obstante, el DCR podrá proveer un medicamento alterno aceptable en conformidad con los protocolos y formularios, sin éste considerarse como substitución del medicamento original. Íd. Del miembro de la población correccional requerir más información sobre el medicamente alterno, el DCR suministrará dicha información. Íd.

Por último, todo procedimiento médico-quirúrgico, tratamiento u otro procedimiento médico que resulte invasivo al cuerpo humano, requerirá el consentimiento informado y expreso del paciente previo a ejecutar tal acción. *Cruz Flores v. Hosp. Ryder Memorial, Inc.*, 210 DPR 465 (2022). Es decir, el consentimiento informado les impone a los médicos la obligación de ofrecer a sus pacientes toda la información que sea indispensable para comprender la naturaleza de ciertos procedimientos, tal como sus beneficios, riesgos y posibles complicaciones. Íd. (citando a *Martínez Marrero v. González Droz*, 180 DPR 579 (2011)).

En el presente caso, no advertimos que la DRA haya errado al suministrarle al recurrente el medicamento Irbesartan. Del expediente

se desprende que el señor Santana Báez admite que fue recetado Irbesartan, aunque contradice el origen de dicha receta en distintas solicitudes judiciales. Más aun, el recurrente confunde la definición del concepto del consentimiento informado, la cual trata del consentimiento a recibir cierto medicamento o tratamiento luego de comprender los beneficios y riesgos de estos. En el caso antes nos, la controversia no trata de la falta de información sobre los medicamentos Irbesartan y Valsartan, sino de su disponibilidad y suministración deseada.

Asimismo, aunque el señor Santana Báez alegó en su solicitud de reconsideración y revisión judicial que se le fue recetado Irbesartan y Valsartan como medicamentos distintos y separados, este mismo no nos puso en posición de evaluar y resolver la controversia basado en dicha alegación, ya que no presentó, de alguna manera, evidencia sobre la receta original. Por tanto, ante la falta de evidencia suficiente para evaluar el recurso, más la existente disposición legal que permite la suministración de medicamentos alternos, no advertimos la necesidad de revisar la actuación de la DRA o del DCR en estos momentos.

Por los fundamentos expuestos, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones